## 61955. COOPER v. THE STATE.

McMURRAY, Presiding Judge.

On April 3, 1978, defendant entered his first offender plea to the charge of criminal attempt to commit burglary. Defendant was sentenced as a first offender to a three year probated sentence subject to defendant complying with certain specified general and special conditions.

On November 1, 1979, the trial court considered an ex parte motion for an order suspending the running of the remainder of defendant's probated sentence. This ex parte motion alleged that defendant had failed and refused to report to his probation officer; failed and refused to pay certain sums of money as ordered by the court; changed his place of abode without permission or notification to his probation officer; and that a probation warrant issued for the arrest of the defendant which was returned on March 10, 1979, non est inventus (not to be found in the county) as made by the sheriff. The ex parte motion prayed for an order suspending "the running of the remainder of the probated sentence" of defendant. The trial court entered an ex parte order noting the sheriff's return of non est inventus and ordered "the running of the remainder of the probated sentence" of defendant be suspended from March 10, 1979, until defendant "shall personally report to the Probation Officer."

Subsequently defendant's probation officer petitioned for an adjudication of guilt and imposition of sentence as to the defendant's first offender offense of criminal attempt to commit burglary. After a hearing the trial court entered its order of adjudication of guilt and imposed sentence. The sentence imposed upon defendant credited defendant with the time served on probation until March 10, 1979, at which time defendant's probation was tolled. Defendant appeals, contending that the March 10, 1979, suspension of probation was improper, and the trial court erred in failing to credit him for the time served subsequent to March 10, 1979, through the adjudication of guilt and imposition of sentence on December 23, 1980. *Held:*

1. Generally, the returns of service and other records of public officers import verity and must be traversed in order to be

disregarded. See *Burger v. Dobbs,* 87 Ga. App. 88, 92 (73 SE2d 75); *Williams v. Atlanta Nat. Bank,* 31 Ga. App. 212, 219 (120 SE 658); *Winn v. Armour & Co.,* 184 Ga. 769, 772 (2) (193 SE 447); *Birt v. State,* 127 Ga. App. 532, 533 (194 SE2d 335).

As to the March 10, 1979, return of non est inventus on the probation warrant, defendant presented testimony of Francine Bennett signing for the sheriff as "Deputy Sheriff," who referred to herself as one of the girls in the office. She testified that she did not personally search for the defendant and did not know of her own personal knowledge of anyone who had searched for him. This individual stated that although she could not say that it was impossible that no one had ever looked for defendant, that as a general rule the deputies would try to. She testified that the general procedure was that the warrants were logged in and sent back to the deputies who would return them to the office only if they could not find the subject of the warrant after a search and that the only way she would generally sign such a warrant was that if the deputies could not find the subject of the warrant and returned the warrant to the office. According to her testimony, if the deputies had found someone they would not have returned the warrant to the office, but would have arrested the subject.

On the basis of this testimony the defendant contends that the return on the warrant is false, that he had been harmed and that a denial of due process had resulted. Defendant contends that there was never a valid suspension of the running of defendant's probated sentence, and he must be given credit for the time served on probation subsequent to March 10, 1979.

Accordingly, the return of non est inventus has been traversed inasmuch as the deputy sheriff who signed it could not testify that it was true and correct in order to be a basis for automatically suspending the running of the probated sentence because "the probationer cannot be found in the county that shall appear to be the probationer's county of residence from the records of the probation officer." See Code Ann. § 27-2723 (Ga. L. 1958, pp. 15, 22).

2. In addition to other conditions of probation a probationer must keep his probation officer informed as to his residence and upon the recommendation of the probation officer the court may also require, as a condition to probation, and under such terms as the court deems advisable that the probationer be required to keep the probation officer advised as to his whereabouts. "The failure of a probationer to report to his probation officer as directed . . . shall automatically suspend the running of the probated sentence until the probationer shall personally report to the probation officer and such period of time shall not be included in computing creditable time

served on probation nor as any part of the time that the probationer shall have been sentenced to serve." Code Ann. § 27-2723, supra. Here the probationer was required to report to the probation officer as directed. However, there was no evidence as to when, where, or how. While the failure here of the return as to non est inventus would not authorize the court to suspend the probated sentence, nevertheless, if there had been evidence that he had "failed and refused to report to his Probation Officer," as directed, the trial court could have automatically suspended the running of the probated sentence until the probationer personally reported to the probation officer as required by Code Ann. § 27-2723, supra. During the probation revocation hearing a probation officer was asked as a witness whether he had reported to the probation office " as directed — as scheduled?" The answer was, "Mr. Cooper's last reporting date to the Probation Office was January 31, 1979. After that time, a probation warrant was issued, and Mr. Cooper was not seen by anyone from the Probation Office until — ," at which time an objection was made. The witness, however, continued his answer that there was "no record indicating that he reported from January 31 until December 18, 1980, when he and his mother came into the office." But the witness never answered the question as to whether or not the probationer had reported "as directed — as scheduled." It could be, although highly unlikely, that he was never directed by the probation officer as to the dates and times he was supposed to report. It could be that the probationer failed to report as directed prior to the date of March 10, 1979, when his probation was tolled, but there is no evidence in the record for this court to determine with certainty when the trial court was authorized to toll his probation under Code Ann. § 27-2723, supra; that is, the suspension of the running of the probated sentence until the probationer shall "personally report to the probation officer," which was done December 18, 1980. Accordingly, the case is remanded to the trial court for a further hearing as to the proper date of tolling of the probated sentence. If no evidence is shown that it was tolled on or before March 10, 1979, or thereafter, then the defendant should be given proper credit for the time served on probation; otherwise, the judgment of the trial court is affirmed.

*Remanded with direction. Quillian, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 4, 1981.

*Douglas Gibson,* for appellant.
*C. Deen Strickland, District Attorney, W. Fletcher Sams,*

*Assistant District Attorney,* for appellee.