*Melvin S. Nash,* for appellee.

### 38419. HUGHES v. HINKS.

HILL, Presiding Justice.

The stipulated facts are that on December 14, 1972, George Hinks plead guilty to the offense of burglary in Ben Hill Superior Court, and was sentenced to a term of six years, to be served on probation on the conditions, among others, that he report to the probation supervisor as directed by said supervisor, and that he not change his place of abode without the prior permission of the probation supervisor. Although Hinks understood the conditions of his probation, he wilfully stopped reporting to his probation supervisor, moved from his place of abode without prior permission of his probation supervisor, and left Ben Hill County.

On December 16, 1977, an arrest warrant was issued and after diligent search in Ben Hill County, the county of Hinks' last known residence, an entry of non est inventus was returned on said warrant. On January 9, 1978, after these facts were made known to the sentencing court by the probation supervisor, Hinks' probated sentence was revoked by the court, without notice or hearing, under the authority of Code Ann. § 27-2723 (Ga. Laws 1958, pp. 15, 22).

Code Ann. § 27-2723 provides as follows: "Any other provision of this law [§§ 27-2702 through 27-2726.1] to the contrary notwithstanding, it shall be the duty of a probationer, as a condition to probation, to keep his probation officer informed as to his residence. Upon the recommendation of the probation officer, the court may also require, as a condition to probation and under such terms as the court deems advisable, that the probationer keep the probation officer informed as to the whereabouts of the probationer. The failure of a probationer to report to his probation officer as directed, or upon a return of non est inventus, or other return to a warrant for the violation of the terms and conditions of probation, that the probationer cannot be found in the county that shall appear to be the probationer's county of residence from the records of the probation officer, shall automatically suspend the running of the probated sentence until the probationer shall personally report to the probation officer and such period of time shall not be included in computing creditable time served on probation nor as any part of the time that the probationer shall have been sentenced to serve. Upon

such facts being made known to the court by the probation officer, the court is hereby authorized to revoke the probation without notice to the probationer."

On October 19, 1981, Hinks was arrested and committed to custody without hearing under authority of the order of revocation dated January 9, 1978, to serve the balance of his sentence (11 months, 5 days).

Hinks sought habeas corpus which was granted. We affirm. Morrissey v. Brewer, 408 U. S. 471 (92 SC 2593, 33 LE2d 484) (1972); Gagnon v. Scarpelli, 411 U. S. 778 (93 SC 1756, 36 LE2d 656) (1973). The last sentence of Code Ann. § 27-2723, enacted in 1958, constitutes a denial of due process under Morrissey and Gagnon.

The sheriff contends that Morrissey and Gagnon, supra, are not applicable to Code Ann. § 27-2723, because a probationer waives his right to notice and a hearing by absenting himself from the county. The record does not show that Hinks was notified that by failing to report to his probation supervisor or by changing his place of abode without permission, his probation could be revoked without notice and hearing. Hence there was no knowing waiver.

The sheriff also argues that the dictates of Morrissey and Gagnon, supra, are inapplicable to a case such as this where the probationer admittedly "wilfully" failed to comply with the conditions of his probation. Hinks' probation was revoked without hearing on January 9, 1978, before he stipulated that he "wilfully" absconded. Due process requires that a hearing be held before the decision to revoke is made. Morrissey v. Brewer, supra, 408 U. S. at 476 n. 1. The last sentence of Code Ann. § 27-2723 expressly permits revocation without a hearing. Evidence offered at a habeas corpus hearing cannot be used to support a conviction based upon insufficient evidence at trial. Similarly, evidence offered at a habeas corpus hearing cannot be used to support a revocation of probation without notice or hearing.

In People v. Vickers, 503 P2d 1313 (Cal. 1973), relied on by the sheriff, the California Supreme Court held that an absconding probationer's probation could be summarily revoked, conditioned upon the provision of "hearings which conform to *Morrissey* standards" once the probationer had been taken into custody. Id. at 1320. It appears clear that the reason the California court approved summary revocation was to preclude an absconded probationer from serving out the term of probation before revocation proceedings could be had. We do not face that problem here, because Code Ann. § 27-2723 expressly provides that: "The failure of a probationer to report to his probation officer as directed, or upon a return of non est inventus, or other return to a warrant for the violation of the terms

and conditions of probation, that the probationer cannot be found in the county . . . shall automatically suspend the running of the probated sentence. . . ." Given this portion of the statute, which is unaffected by our holding here, our decision is consistent with People v. Vickers, supra.

Absent the last sentence of Code Ann. § 27-2723, which we have found unconstitutional, supra, Hinks is entitled to a hearing prior to revocation of his probation. Code Ann. § 27-2713.

*Judgment affirmed. All the Justices concur, except Gregory, J., who is disqualified.*

DECIDED MAY 25, 1982.

*Gary C. Christy, District Attorney, Richard E. Thomas, Assistant District Attorney,* for appellant.

*Michael J. Bowers, Attorney General, Virginia H. Jeffries, Staff Assistant Attorney General,* amicus curiae.

*Rick F. Ellis,* for appellee.