### A93A1619. CAULDWELL v. THE STATE.
(439 SE2d 90)

SMITH, Judge.

On October 20, 1987, Anthony Cauldwell pled guilty to one count of burglary and one count of criminal attempt to commit burglary in

Fulton County. Cauldwell was sentenced to five years — one to serve, with the balance probated. The court also imposed $1,800 restitution. Cauldwell was paroled on October 17, 1988. Based on a probation officer's affidavit averring that Cauldwell had "[failed] to report and pay as directed," an arrest warrant against Cauldwell was issued on February 6, 1991. A return of non est inventus was made on February 18, 1991.

Cauldwell was ultimately arrested on the probation warrant on November 25, 1992. On December 22, 1992, a probation revocation hearing was held. At the hearing, Cauldwell argued that his sentence had already expired, despite the tolling effect of the prior arrest warrant, because he had been sentenced on an unrelated charge in Floyd County, Georgia, some three weeks after the Fulton County warrant was issued in February 1991. The State conceded that the actual time Cauldwell spent in custody on the Floyd County charge after the arrest warrant was issued should be deducted from the time left to be served on the burglary convictions. The only question now before this court on discretionary appeal is whether tolling under OCGA § 42-8-36 (a) (1) ceased automatically when Cauldwell was taken into custody on the unrelated Floyd County charge.

Cauldwell relies upon the language in OCGA § 42-8-36 (a) (1) to the effect that such tolling continues "until the probationer shall personally report to the probation supervisor, *is taken into custody in this state*, or is otherwise available to the court. . . ." (Emphasis supplied.) Cauldwell essentially asserts that the phrase "is taken into custody in this state" should be construed literally and without limitation. We disagree.

OCGA § 42-8-34 (g) provides, in pertinent part, that "[t]he sentencing judge shall not lose jurisdiction over any person placed on probation during the term of his probated sentence." Revocation of probation is an action of the court, and it may occur only after the probationer has been afforded notice and an opportunity to be heard regarding alleged violations of the terms of probation. *Rainwater v. State*, 127 Ga. App. 406, 407 (193 SE2d 889) (1972). See generally OCGA §§ 42-8-34.1; 42-8-38.

The tolling of a probated sentence following the return of a warrant showing non est inventus is intended to prevent the probationer from avoiding the potential adverse impact of revocation merely by avoiding the court. The General Assembly has determined that such a purpose is served under OCGA § 42-8-36 (a) (1) once the probationer "personally [reports] to the probation supervisor, is taken into custody in this state, or is *otherwise* available to the court." (Emphasis supplied.)

"Otherwise" means "[i]n a different manner; in another way, or in other ways." Black's Law Dictionary 1101 (6th ed. 1990). The Gen-

eral Assembly has determined that taking a person into custody within the meaning of OCGA § 42-8-36 is one way of making that person "available to the court" for pending revocation proceedings. It is obvious, however, that a probationer can be taken into custody for reasons unrelated to his status as a probationer and that such custody may not always result in making the probationer "available" for revocation proceedings.

The phrase "taken into custody" in this statute must be construed in light of the phrase immediately following it, "or is otherwise available to the court." The word "otherwise" indicates that the phrase "taken into custody" relates to, and is limited by, the phrase "available to the court." See *Williamson v. Southern Regional Council*, 223 Ga. 179, 184 (3) (154 SE2d 21) (1967). Cauldwell was not taken into custody in Floyd County based upon the outstanding arrest warrant in Fulton County, nor for any other reason related to his status as a probationer under the jurisdiction of the Fulton County Superior Court. Cauldwell does not argue, nor does the record suggest, that he in fact became "available" to the court in Fulton County as a result of his incarceration in Floyd County, or even that his probation officer or any other Fulton County court official knew of it. Compare *Dilas v. State*, 159 Ga. App. 39 (282 SE2d 690) (1981). We therefore find that the tolling function initiated under OCGA § 42-8-36 (a) (1) did not automatically cease merely because Cauldwell was taken into custody in Floyd County.

We do not hold, however, as the trial court did, that the tolling function of OCGA § 42-8-36 (a) (1) *temporarily* ceased when Cauldwell was taken into custody on an unrelated charge, and then went "back into effect" when Cauldwell was subsequently released despite the outstanding warrant in Fulton County. *If* Cauldwell had been made available to the court having jurisdiction over his probation as a result of being taken into custody in Floyd County, the tolling pursuant to OCGA § 42-8-36 (a) (1) would have ceased as the statute expressly provides.

However, since Cauldwell does not in fact suggest that he was made available to the court as a result of his incarceration, the tolling pursuant to OCGA § 42-8-36 (a) (1) remained in effect as if his "custody" in Floyd County never took place. The trial court correctly ruled that Cauldwell's sentence did not "run" after he was released from custody in Floyd County, and the judgment is therefore affirmed under the "right for any reason rule." *Ratliff v. State*, 207 Ga. App. 112 (427 SE2d 85) (1993).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED DECEMBER 3, 1993 —
RECONSIDERATION DENIED DECEMBER 15, 1993 — 

*Steven E. Phillips*, for appellant.
*Lewis R. Slaton, District Attorney, Vivian D. Hoard, Assistant District Attorney*, for appellee.