A97A0852. ROBSON v. THE STATE.
(485 SE2d 822)

ANDREWS, Chief Judge.

Terrance Patrick Robson appeals the trial court's order reinstating his probation, claiming the tolling order was null and void after the court found the State could not prove any probation violations. We disagree and affirm the judgment of the trial court.

On July 7, 1995, a jury found Robson guilty of DUI, speeding, failure to maintain lane and failure to wear a seatbelt. The court sentenced Robson to 12 months probation.

A warrant for arrest of probationer was issued for Robson on April 3, 1996. The warrant stated that Robson was in violation of the conditions of his probation in that he had failed to report to his probation officer since being sentenced in July 1995, was $1,470 in arrears on fines, failed to perform five days community service and failed to verify evaluation or treatment for substance abuse.

The probation warrant was returned non est inventus, showing Robson could not be found in the county. The court ordered Robson's probation tolled on May 14, 1996, the date the warrant was returned.

Robson appeared in court on July 19, 1996, for a revocation hearing on the probation violation charges. Robson's original probation officer was unavailable to testify, and the records showed Robson had

paid all fines. While Robson stated he never completed the substance abuse class requirement, he testified he was never notified to appear for any classes.

The court found the State was unable to show any violations, and ordered probation reinstated. Robson appeals, claiming the tolling order is null by virtue of the July 19, 1996 hearing at which the State could not prove any probation violation. Therefore, Robson argues, the trial court erred in reinstating his probation.

OCGA § 42-8-36 (a) (1) provides in pertinent part: "it shall be the duty of a probationer, as a condition of probation, to keep his probation supervisor informed as to his residence. . . . The failure of a probationer to report to his probation supervisor as directed or a return of non est inventus or other return to a warrant, for the violation of the terms and conditions of probation, that the probationer cannot be found in the county that appears from the records of the probation supervisor to be the probationer's county of residence shall automatically suspend the running of the probated sentence until the probationer shall personally report to the probation supervisor, is taken into custody in this state, or is otherwise available to the court; and such period of time shall not be included in computing creditable time served on probation or as any part of the time that the probationer was sentenced to serve. The effective date of the tolling of the sentence shall be the date that the officer returns the warrant showing non est inventus. . . ."

A reading of this Code section shows that the court did not err in tolling the probated sentence. The warrant was returned non est inventus because the officer could not find Robson in his county of residence. Accordingly, the court properly ordered the sentence tolled from the date of the return of the warrant. The Code section also clearly states that the tolled period shall not be included in computing creditable time served on probation. For Robson to challenge the tolling of his sentence, he must show that the warrant was improperly executed in some way. The mere issuance of the warrant does not toll the time period, only a return of the warrant showing that the probationer cannot be found. Op. Atty. Gen. 68-303 (1968).

Accordingly, the evidence at the revocation hearing and whether or not the State proved Robson's alleged violations of his probation is immaterial as to the issue of whether the warrant was properly returned showing Robson could not be found. As no traverse was ever filed to the return of the warrant and this issue was never raised or argued in the trial court, see, e.g., *Cooper v. State*, 160 Ga. App. 287 (287 SE2d 284) (1981) (probationer traversed return of warrant and presented evidence that deputy never searched for him), the trial court did not err in reinstating Robson's probation.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED APRIL 18, 1997.
▬▬▬▬▬▬▬▬▬▬▬▬▬ Before Judge Conner.
*Spruell & Dubuc, Billy L. Spruell*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Allison L. Thatcher, Assistant Solicitor*, for appellee.