## A04A2009. VINCENT v. THE STATE.
### (608 SE2d 748)

BLACKBURN, Presiding Judge.

Following revocation of probation and imposition of sentence for violation of his first offender status, David Vincent appeals, arguing that the trial court erred in tolling his probation because the State did not meet the requirements for tolling his sentence set forth in OCGA § 42-8-36 (a). For the reasons which follow, we affirm.

Vincent entered a plea of guilty to fourteen counts of forgery in the first degree,[1] and on June 12, 1998, was sentenced under the First Offender Act to concurrent sentences on each count for a term of four years of imprisonment, with ninety days to be served in jail and the balance on supervised probation. As conditions of his probation, Vincent was required to report to his probation supervisor as directed and was not allowed to change his place of abode without the prior permission of the probation supervisor. Vincent was also required to avoid narcotics and other dangerous drugs, as well as persons or places of disreputable or harmful character.

Vincent stopped reporting to his probation supervisor after September 8, 2000. On December 4, 2000, the probation supervisor applied for an arrest warrant for Vincent. The warrant was issued the following day, but Vincent's whereabouts remained unknown until he was arrested on January 9, 2004, in a house in Fulton County, in which trafficking amounts of marijuana and cocaine were seized by the police.

A petition for adjudication of guilt and imposition of sentence in Vincent's first offender case was filed by the probation supervisor on February 27, 2004, and a hearing on the petition was held on March 5, 2004. Vincent was adjudged guilty and sentenced to serve two years, followed by consecutive sentences of two years probation on each of the original counts of forgery.

Vincent's sole contention on appeal is that his probated sentence was never legally tolled under OCGA § 42-8-36 and that, because his sentence had already expired at the time of his arrest in Fulton

---

[1] OCGA § 16-9-1.

County, the trial court was without jurisdiction to revoke his probation and adjudicate his guilt. Vincent advances two arguments in support of his position.

Vincent first asserts that his probation was not tolled under the provisions of OCGA § 42-8-36 (a) (1). We agree. Under OCGA § 42-8-36 (a) (1),

> [t]he failure of a probationer to report to his probation supervisor as directed or a return of non est inventus or other return to a warrant, for the violation of the terms and conditions of probation, that the probationer cannot be found in the county that appears from the records of the probation supervisor to be the probationer's county of residence shall automatically suspend the running of the probated sentence until the probationer shall personally report to the probation supervisor, is taken into custody in this state, or is otherwise available to the court; and such period of time shall not be included in computing creditable time served on probation or as any part of the time that the probationer was sentenced to serve. The effective date of the tolling of the sentence shall be the date that the officer returns the warrant showing non est inventus.

As this provision makes clear, and as this Court has held, the tolling of the probationary period does not begin until the warrant is returned showing non est inventus. *Robson v. State*[2] ("[t]he mere issuance of the warrant does not toll the time period, only a return of the warrant showing that the probationer cannot be found"). In Vincent's case, a return of the warrant showing non est inventus was not made. Therefore, his probationary period was not tolled pursuant to OCGA § 42-8-36 (a) (1).

OCGA § 42-8-36 (a) (2), on the other hand, provides an alternative mechanism for triggering the tolling of a probated sentence.[3] Under that statutory subsection,

> [i]n addition to the provisions of paragraph (1) of this subsection, if the probation supervisor submits an affidavit to the court stating that a probationer has absconded and cannot be found, the running of the probated sentence shall be suspended effective on the date such affidavit is submitted to the court and continuing until the probationer shall

---

[2] *Robson v. State*, 226 Ga. App. 209, 210 (485 SE2d 822) (1997).

[3] For discussion of this 1989 amendment to this Code section, see 6 Ga. St. U. L. Rev. 287 (1989).

personally report to the probation supervisor, is taken into custody in this state, or is otherwise available to the court.

Vincent argues that his sentence was not tolled under OCGA § 42-8-36 (a) (2) because, even though the warrant for his arrest contained an affidavit from the probation supervisor stating that he had failed to report to the supervisor as required by the terms of his probation, the supervisor does not state in the affidavit that anyone looked for him and could not find him. We find no merit in this argument.

Ascribing ordinary signification to the words of the statutory subsection, as OCGA § 1-3-1 compels us to do, we think its plain, common-sense meaning is that the running of a probated sentence is suspended when the probation supervisor submits an affidavit to the court stating that a probationer is no longer at a residence whose location is known to the supervisor and that the probationer's new residence is not known. No magic words or words of art are necessary.

In the affidavit which was part of the arrest warrant application, the probation supervisor stated that Vincent had failed to report to him since September 8, 2000, and that he had changed his place of abode without the permission of the supervisor; the affidavit also listed Vincent's last known address, which was not his current address. This affidavit set forth the factual averments required by OCGA § 42-8-36 (a) (2) as it informed the court that Vincent had absconded from a known residence and that his current residence was unknown.

Vincent received his four-year first offender sentence on July 8, 1998. The affidavit of the probation supervisor was submitted to the court on December 4, 2000. Under OCGA § 42-8-36 (a) (2), his sentence was tolled from December 4, 2000, until his apprehension on drug charges in Fulton County on January 9, 2004. Accordingly, the trial court did not err in revoking his first offender probation, adjudicating him guilty, and imposing sentence upon him.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED DECEMBER 17, 2004.

*Samuel G. Merritt*, for appellant.
*J. Gray Conger, District Attorney, Roger H. Anderson, Assistant District Attorney*, for appellee.