A06A1095. CAMPBELL v. THE STATE.
(634 SE2d 512)

ADAMS, Judge.

We granted Eldon Campbell's application seeking discretionary review of the trial court's order revoking the balance of his probation. Campbell argues that the trial court erred in tolling his sentence because the State failed to meet the requirements for tolling set forth in OCGA § 42-8-36. We agree and reverse.

Campbell was convicted of theft by conversion and sentenced to five years probation in December 1998. Campbell was also ordered to pay restitution and a monthly probation fee.

A warrant for his arrest was issued June 5, 2000, after Campbell's probation officer submitted an affidavit showing that he had violated the special conditions of his probation by failing to pay restitution as ordered. Campbell was arrested in North Carolina in August 2005 and forcibly extradited back to Georgia. A petition to modify or revoke his probation was filed, and following a hearing the trial court tolled his sentence and revoked the balance of his probation setting a new probation end date of August 1, 2009.

Under OCGA § 42-8-36 (a) (1)

[t]he failure of a probationer to report to his probation supervisor as directed or a return of non est inventus or

---

other return to a warrant, for the violation of the terms and conditions of probation, that the probationer cannot be found in the county that appears from the records of the probation supervisor to be the probationer's county of residence shall automatically suspend the running of the probated sentence until the probationer shall personally report to the probation supervisor, is taken into custody in this state, or is otherwise available to the court; and such period of time shall not be included in computing creditable time served on probation or any part of the time that the probationer was sentenced to serve. The effective date of the tolling of the sentence shall be the date that the officer returns the warrant showing non est inventus.

It is undisputed that the warrant issued for Campbell's address was not returned showing non est inventus. "As [OCGA § 42-8-36 (a) (1)] makes clear, and as this Court has held, the tolling of the probationary period does not begin until the warrant is returned showing non est inventus." *Vincent v. State*, 271 Ga. App. 138, 139 (608 SE2d 748) (2004). See also *Robson v. State*, 226 Ga. App. 209, 210 (485 SE2d 822) (1997) ("[t]he mere issuance of the warrant does not toll the time period, only a return of the warrant showing that the probationer cannot be found").

However, OCGA § 42-8-36 (a) (2) provides an alternative mechanism for triggering the tolling of a probated sentence:

[i]n addition to the provisions of paragraph (1) of this subsection, if the probation supervisor submits an affidavit to the court stating [the] probationer has absconded and cannot be found, the running of the probated sentence shall be suspended effective on the date such affidavit is submitted to the court and continuing until the probationer shall personally report to the probation supervisor, is taken into custody in this state, or is otherwise available to the court.

In *Vincent v. State*, 271 Ga. App. at 140, we held that no magic words or words of art are necessary to meet the requirement that the probation supervisor's affidavit state that the probationer has absconded and cannot be found. Thus in *Vincent* the probation supervisor's affidavit was found sufficient to set forth the necessary factual averments when it indicated his last known address which was not his current address, stated that the probationer had failed to report to his supervisor as ordered and that he had changed his place of residence without his supervisor's permission. Id.

However, in this case, the probation supervisor's affidavit submitted in support of the warrant stated only that Campbell was in arrears in the payment of court ordered restitution, and there was no language in the affidavit to inform the court that Campbell had absconded from a known residence and could not be found.[1] Thus, in this case, there was neither a warrant that was returned showing that Campbell could not be found nor an affidavit from his probation supervisor stating that Campbell could not be found. The trial court thus erred in tolling Campbell's probation and sentencing him accordingly.

*Judgment reversed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JULY 14, 2006.

*Robert L. Wadkins, Jennifer E. Dunlap*, for appellant.
*J. Gray Conger, District Attorney, Lew S. Barrow, Assistant District Attorney*, for appellee.

---

[1] A subsequent probation supervisor did file a delinquency report stating that Campbell absconded supervision in June 2000; however, that report was not submitted to the court until October 2005 and it was not in the form of an affidavit.