### A08A1260. WILSON v. THE STATE.
(664 SE2d 890)

BLACKBURN, Presiding Judge.

Charles Wilson appeals the denial of his motion to terminate his probation, contending that the trial court erred in ruling that his probation was properly tolled based on OCGA § 42-8-36 (a). Because the alleged affidavit upon which the trial court relied lacked proper attestation and oath, and the State did not comply with any other provision of that Code section, we must reverse.

The undisputed record shows that, based on Wilson's no-contest plea to a charge of interfering with property of a public utility, Wilson

---

was sentenced in May 2005 to 12 months of probation and payment of a fine. In July 2005, Wilson's probation officer presented an arrest warrant to a state court judge for signature, which warrant purported to contain an affidavit averring that Wilson had absconded and could not be found in the county of his residence. The warrant also included language stating that "THIS SENTENCE IS TOLLED UPON JUDGE[']S SIGNATURE," and was signed by the judge on July 27, 2005. The record contains no return of the warrant. In August 2007, Wilson was arrested and incarcerated for his probation violation. In September 2007, Wilson moved to terminate his probation and sought immediate release, arguing that his probation had not tolled because the warrant did not meet the statutory requirements of OCGA § 42-8-36 (a). Following an evidentiary hearing, the state court denied the motion, finding that the affidavit contained in the warrant satisfied the statute. Wilson now appeals.

Wilson contends that the state court erred in ruling that the warrant and affidavit complied with the statutory prerequisites authorizing the tolling of his sentence. Because the warrant lacked a proper affidavit and the tolling statute was not otherwise met, we must agree.

OCGA § 42-8-36 (a) provides, in relevant part:

(1) ... The failure of a probationer to report to his probation supervisor as directed or a return of non est inventus or other return to a warrant, for the violation of the terms and conditions of probation, that the probationer cannot be found in the county that appears from the records of the probation supervisor to be the probationer's county of residence shall automatically suspend the running of the probated sentence until the probationer shall personally report to the probation supervisor, is taken into custody in this state, or is otherwise available to the court; and such period of time shall not be included in computing creditable time served on probation or as any part of the time that the probationer was sentenced to serve. The effective date of the tolling of the sentence shall be the date that the officer returns the warrant showing non est inventus. Any officer authorized by law to issue or serve warrants may return the warrant for the absconded probationer showing non est inventus.

(2) In addition to the provisions of paragraph (1) of this subsection, if the probation supervisor submits an affidavit to the court stating that a probationer has absconded and cannot be found, the running of the probated sentence shall

be suspended effective on the date such affidavit is submitted to the court and continuing until the probationer shall personally report to the probation supervisor, is taken into custody in this state, or is otherwise available to the court.

With respect to OCGA § 42-8-36 (a) (1),

[a]s this provision makes clear, and as this Court has held, the tolling of the probationary period does not begin until the warrant is returned showing non est inventus[, i.e., that the probationer cannot be found]. In [Wilson's] case, a return of the warrant showing non est inventus was not made. Therefore, his probationary period was not tolled pursuant to OCGA § 42-8-36 (a) (1).

(Citation and footnote omitted.) *Vincent v. State*.[1] See *Robson v. State*[2] ("[t]he mere issuance of the warrant does not toll the time period, only a return of the warrant showing that the probationer cannot be found").

In so ruling, we note that the statutory language of OCGA § 42-8-36 (a) (1) contains an ambiguity. In one reading, "[t]he failure of a probationer to report to his probation supervisor as directed . . . shall automatically suspend the running of the probated sentence. . . ." However, the effective date of this "automatic" suspension is the date that an officer returns a warrant showing non est inventus, not the date of the failure to report. In resolving this ambiguity, i.e., whether the tolling is effective automatically or only upon the return of a warrant, we are guided by the rule that "criminal statutes must be strictly construed against the State." *Bagby v. State*.[3] We therefore follow our prior holdings that the mere issuance of a warrant (as was done here) does not toll the probated sentence, and the automatic tolling is made effective upon the specified return of a warrant (as was not done here). See *Vincent v. State*, supra, 271 Ga. App. at 139; *Robson v. State*, supra, 226 Ga. App. at 210.

Further, our decision is not controlled by the holding in *Cooper v. State*,[4] which addressed a different version of the statute and stated as follows:

---

[1] *Vincent v. State*, 271 Ga. App. 138, 139 (608 SE2d 748) (2004).
[2] *Robson v. State*, 226 Ga. App. 209, 210 (485 SE2d 822) (1997).
[3] *Bagby v. State*, 274 Ga. 222, 224 (1) (552 SE2d 807) (2001).
[4] *Cooper v. State*, 160 Ga. App. 287, 289 (2) (287 SE2d 284) (1981).

> While the failure here of the return as to non est inventus would not authorize the court to suspend the probated sentence, nevertheless, *if there had been evidence* that he had "failed and refused to report to his Probation Officer," as directed, the trial court could have automatically suspended the running of the probated sentence until the probationer personally reported to the probation officer. . . .

(Emphasis supplied.) Notably, that case was decided prior to the statutory change which added the following sentence: "The effective date of the tolling of the sentence shall be the date that the officer returns the warrant showing non est inventus." Compare Ga. L. 1958, p. 15, § 9 with Ga. L. 1986, p. 492, § 1. See also *Hughes v. Hinks*[5] (decided before the statutory change and quoting the prior statute). Moreover, in light of the absence of an affidavit or returned warrant in the instant case, there was none of the evidence referenced in *Cooper v. State* before the trial court when it purported to toll the sentence on July 27, 2005. Therefore, *Cooper v. State* is inapposite here.

OCGA § 42-8-36 (a) (2) provides an additional tolling method which we must also address: "[T]he running of a probated sentence is suspended when the probation supervisor submits an affidavit to the court stating that a probationer is no longer at a residence whose location is known to the supervisor and that the probationer's new residence is not known. No magic words or words of art are necessary" to describe the probationer's absence from the known residence. *Vincent v. State*, supra, 271 Ga. App. at 140.

Here, the purported affidavit submitted with the warrant stated that the defendant had "absconded and cannot be found" and that he had "never paid." The document was signed by Wilson's probation officer and a notary and the state court judge. Although the wording of the factual allegation itself is not problematic, there was no language purporting to be an oath or swearing by the affiant or attestation by the notary, who merely signed above a line stating "my commission expires April 26, 2009."[6]

> [I]n the absence of a valid jurat, a writing in the form of an affidavit has no force, no validity, amounts to nothing, when standing alone, or when construed in connection with other evidence. To make a valid affidavit the affiant must swear to

---

[5] *Hughes v. Hinks*, 249 Ga. 416, 416-417 (291 SE2d 545) (1982).

[6] We further note that the probation officer testified at the motion hearing that he was not sworn in by the judge.

it, and the fact of his swearing must be certified by a proper officer. . . . [T]here must be something done which amounts to the administration of an oath.

*Anderson v. Hardoman.*[7] Accord *Britt v. Davis*[8] ("[i]n the strenuous age in which we live speed is deemed of prime importance. But one must still pause long enough to verify the statements contained in a paper prepared for use as an affidavit, by swearing to them. . . ."); *Scroggins v. State of Ga.*[9] (criminal context).

Here, as there was no such oath or attestation in the document, the document fails as an affidavit, and the requirement of OCGA § 42-8-36 (a) (2) was not met.

Thus, in this case, there was neither a warrant that was returned showing that [Wilson] could not be found nor an affidavit from his probation supervisor stating that [Wilson] could not be found. The trial court thus erred in tolling [Wilson's] probation and sentencing him accordingly.

*Campbell v. State.*[10]
*Judgment reversed. Miller and Ellington, JJ., concur.*

DECIDED JULY 8, 2008.

*Daniel K. Franck,* for appellant.
*Alan R. Tawse, Jr., Solicitor-General, Arthur J. Creque, Assistant Solicitor-General,* for appellee.

---

[7] *Anderson v. Hardoman,* 286 Ga. App. 499, 500 (1) (649 SE2d 611) (2007).
[8] *Britt v. Davis,* 130 Ga. 74, 78-79 (60 SE 180) (1908).
[9] *Scroggins v. State of Ga.,* 55 Ga. 380, 381 (1875).
[10] *Campbell v. State,* 280 Ga. App. 561, 563 (634 SE2d 512) (2006).
[1] OCGA § 16-6-1 (a).
[2] OCGA § 16-5-40 (a).
[3] OCGA § 16-5-21 (a) (2).