## A09A2111. BRUCE v. THE STATE.

(692 SE2d 13)

DOYLE, Judge.

After the trial court declared a mistrial during Michael Bruce's trial for driving under the influence, Bruce filed a plea in bar requesting the dismissal of the accusation on double jeopardy grounds. Following a hearing, the trial court denied the plea in bar, and Bruce appeals. We affirm because, based on the limited record before us, we cannot determine that the trial court abused its discretion in finding a manifest necessity for the mistrial.

As a rule, if the trial court declares a mistrial over the defendant's objection or without his consent, the defendant may be retried, but only if there was a "manifest necessity" for the mistrial.[1] "Manifest necessity can exist for reasons deemed compelling by the trial court, especially where the ends of substantial justice cannot be attained without discontinuing the trial."[2] "Manifest necessity exists when the accused's right to have the trial completed by a particular tribunal is subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury."[3] The trial court's judgment that there was a manifest necessity to grant a mistrial is entitled to great deference.[4]

There is no transcript of the DUI trial because Bruce waived the presence of a court reporter. According to the trial court's order denying the plea in bar, the State was prejudiced during cross-examination of one of its witnesses, a police officer, when, over the State's objection, defense counsel asked the officer about a prior conversation between the officer and defense counsel. The trial court characterized the prejudice as defense counsel's "interject[ion] [of] plea negotiations into trial." It appears from the motion hearing that the State requested a mistrial, which was opposed by the defense. In its order denying the plea in bar, the trial court found that "it was manifestly necessary for the Court to grant a mistrial."

Bruce argues that during the trial his defense counsel properly questioned an adverse witness about a prior inconsistent statement and that there was no evidentiary infraction that justified a mistrial.[5]

---

[1] (Punctuation omitted.) *Pleas v. State*, 268 Ga. 889, 890 (2) (495 SE2d 4) (1998).

[2] (Citation and punctuation omitted.) Id.

[3] (Punctuation omitted.) *Bentley v. State*, 262 Ga. App. 541, 543 (3) (586 SE2d 32) (2003).

[4] See *Tubbs v. State*, 276 Ga. 751, 754 (3) (583 SE2d 853) (2003); *Laster v. State*, 268 Ga. 172, 173 (1) (486 SE2d 153) (1997) ("[w]hen there is no prosecutorial misconduct, the trial court has broad discretion in deciding whether to grant a mistrial").

[5] Bruce also contends that the trial court failed to make a finding of manifest necessity at trial and that it failed to explore reasonable alternatives to declaring a mistrial. These contentions are belied by the trial court's findings in the order denying the plea in bar that "[a]fter recessing, and after weighing the various options, . . . the Court determined that

Notwithstanding Bruce's arguments, we cannot review the question which the trial court found to be prejudicial because there is no transcript of the trial, and the question is not otherwise established by the record.[6] "Deference to the judge's sound discretion . . . precludes a reviewing court from assuming, in the absence of record evidence, that the trial judge deprived a defendant of constitutional rights."[7]

Significantly, the trial court found that defense counsel, who "raised his voice, speaking over the State, asking the Officer his question," acted intentionally in seeking the prejudicial information. A trial court "is *especially empowered* to avoid the absurdity of a defendant benefitting from the prejudicial error he created."[8] We cannot, based on the record before us, find that the trial court abused its discretion in granting a mistrial. It follows that the trial court did not err in refusing Bruce's plea in bar.[9]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 23, 2010 —
RECONSIDERATION DENIED MARCH 12, 2010 — ▉▉▉▉▉▉▉

*Monte K. Davis*, for appellant.
*Charles A. Spahos, Solicitor-General, Jefferson F. Upchurch, Assistant Solicitor-General*, for appellee.

---

[because] the State could not overcome the prejudice that Defense counsel had interjected into the trial, that . . . mistrial was the only option." Compare *Foody v. State*, 205 Ga. App. 666, 667 (423 SE2d 423) (1992) (trial court acted without considering alternative remedies to a mistrial, which was not shown to be manifestly necessary). Further, a trial court's failure to explicitly find "manifest necessity" does not render its ruling constitutionally defective. See *Arizona v. Washington*, 434 U. S. 497, 516-517 (IV) (98 SC 824, 54 LE2d 717) (1978).

[6] The question is not replicated in the trial court's order or in defense counsel's proffer following the declaration of mistrial. At the plea in bar hearing, defense counsel contended that he had been cross-examining the officer "on a prior inconsistent statement that he made to me on the phone concerning the strength of the case. . . ." The prosecutor argued that "the question asked was that the officer agreed to drop the case." However, arguments of counsel during a motion hearing are not evidence. See *Garland v. State*, 256 Ga. App. 313, 315 (2) (568 SE2d 540) (2002). Nor was a transcript of the trial based on recollection, in accordance with the procedures available under OCGA § 5-6-41 (g), filed as part of the record.

[7] (Punctuation omitted.) *Burleson v. State*, 259 Ga. 498, 501 (384 SE2d 659) (1989).

[8] (Emphasis supplied.) *Pleas*, 268 Ga. at 891 (2).

[9] See *Bentley*, 262 Ga. App. at 545.