## A11A1808. THOMPSON v. THE STATE.
(721 SE2d 106)

MCFADDEN, Judge.

We granted David Garland Thompson's application for discretionary review of the superior court's order revoking his probation. Thompson argues that his probated sentence had already run when the state petitioned to revoke it. But Thompson had violated conditions of his probation. He has not shown that the court erred in finding that his sentence was tolled. Accordingly, we affirm.

In April 2001, Thompson was convicted of possession of methamphetamine and sentenced to seven years' confinement, six of which were to be served on probation. On October 29, 2002, the superior court issued a warrant for Thompson's arrest for violating certain conditions of his probation, including the condition that he report to his probation supervisor. The warrant instructed the sheriff or another law enforcement official to "take the body" of Thompson, and to keep him until he may "be returned to this Court." On February 28, 2003, a sheriff's deputy signed the following statement of "non est inventus" on the back of the warrant: "The undersigned officer hereby certifies that a thorough and diligent search for the probationer listed in this warrant has been made at but not limited to places of abode, known places of frequencies, and others and that His/Her whereabouts are unknown and cannot be located." On March 27, 2003, the trial court entered an order tolling the running of Thompson's probated sentence. On the order was a probation officer's signed but unsworn statement that the October 2002 warrant had not been served because Thompson could not be located.

In December 2010, Thompson was arrested for committing several new offenses, and on December 27, 2010, the state petitioned to revoke his probation. Although Thompson admitted to the state's allegations that he violated the terms and conditions of his probation, including having failed to report to his probation officer since 2002, he opposed the state's petition on the ground that his probated sentence should not have been tolled because the statutory requirements for tolling had not been met. Absent tolling, Thompson's sentence would have run in 2008, before the state brought the revocation petition. The superior court, however, held that Thompson's sentence had been tolled by the signed non est inventus statement on the October 2002 arrest warrant, which the court further held had been returned on the date the deputy sheriff signed it, February 28, 2003. Accordingly, the court revoked Thompson's probation.

OCGA § 42-8-36 governs the tolling of a probated sentence when the probationer cannot be located. The version of that Code section in effect in 2003, when the superior court found the tolling had begun, provided two bases upon which a probated sentence could be tolled.

OCGA § 42-8-36 (a) (2) (2002) allowed the tolling of a probated sentence if the probation supervisor submitted an affidavit to the court stating that a probationer had absconded and could not be found, effective on the date the affidavit was submitted. But in this case the probation officer's signed statement that Thompson could not be located was unsworn, so it did not constitute an affidavit and did not satisfy the requirement of OCGA § 42-8-36 (a) (2) (2002). See *Wilson v. State*, 292 Ga. App. 540, 544 (664 SE2d 890) (2008). See generally *Sambor v. Kelley*, 271 Ga. 133, 133-134 (1) (518 SE2d 120) (1999) (an affidavit is a statement under oath taken before a person having the authority to administer such oath).

Alternatively, under OCGA § 42-8-36 (a) (1) (2002), the running of a probated sentence was automatically tolled by

> [t]he failure of a probationer to report to his probation supervisor as directed or a return of non est inventus or other return to a warrant, for the violation of the terms and conditions of probation, that the probationer [could not] be found in the county that appear[ed] from the records of the probation supervisor to be the probationer's county of residence.

OCGA § 42-8-36 (a) (1) (2002) further provided: "The effective date of the tolling of the sentence shall be the date that the officer returns the warrant showing non est inventus. Any officer authorized by law

to issue or serve warrants may return the warrant for the absconded probationer showing non est inventus." (OCGA § 42-8-36 (a) was later amended, effective July 1, 2010, to remove the provision that the effective date of the tolling was the date of the warrant's return and to add a requirement that the warrant showing non est inventus be *filed* with the court for a probated sentence to be tolled. See Ga. L. 2010, pp. 557-558, § 1.)

"The tolling of a probated sentence following the return of a warrant showing non est inventus is intended to prevent the probationer from avoiding the potential adverse impact of revocation merely by avoiding the court." *Cauldwell v. State*, 211 Ga. App. 417, 418 (439 SE2d 90) (1993). In this case, Thompson had avoided the court since 2002, notwithstanding the warrant for his arrest and in violation of the terms and conditions of his probation.

Nevertheless, Thompson argues that he should not be subject to probation revocation pursuant to OCGA § 42-8-36 (a) (1) (2002), because the warrant showing non est inventus was not returned to the court. The evidence of record, however, does not address what happened to that warrant after the non est inventus statement was signed on February 28, 2003. At a hearing during the revocation proceedings, Thompson's counsel tendered as a hearing exhibit a copy of the warrant that she had obtained from a probation officer. Thompson's counsel also argued that the warrant was not in the superior court clerk's file, but the record contains no evidence on this point. See *Bruce v. State*, 302 Ga. App. 810, 811, n. 6 (692 SE2d 13) (2010) (arguments of counsel during a motion hearing are not evidence). Although the record reflects that counsel handed the clerk's file to the judge during the hearing, it does not reflect the specific contents of that file. The record on appeal contains another copy of the warrant showing non est inventus, which does not appear to be the copy tendered into evidence by Thompson's counsel at the hearing; no explanation was provided as to how this other copy became a part of the record. The state offered to present evidence "to substantiate the return of this warrant," but the court declined the offer, holding that the warrant itself, bearing the signature of the officer on the statement of non est inventus, was sufficient to demonstrate its return.

It is Thompson's burden as the appellant to show error affirmatively by the appellate record. See *Westmoreland v. State*, 287 Ga. 688, 696 (10) (699 SE2d 13) (2010). The record in this case shows that, after a warrant was issued for Thompson's arrest, a deputy sheriff signed a statement of non est inventus on the back of the warrant. Compare *Wilson*, 292 Ga. App. at 542 (the mere issuance of a warrant for a probationer's arrest is insufficient to toll a probated sentence). And Thompson has not pointed to evidence in this

appellate record supporting his assertions that the warrant with the signed statement of non est inventus was not found in the clerk's file or otherwise returned to the superior court. We cannot, based on this record, find that the trial court erred in holding that Thompson's probated sentence was tolled by the return of a warrant showing non est inventus and thus in revoking Thompson's probation.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 2, 2011 —
RECONSIDERATION DENIED DECEMBER 14, 2011.

*Clark & Towne, Jessica R. Towne*, for appellant.
*Daniel J. Porter, District Attorney, James V. Branch, Assistant District Attorney*, for appellee.