*J. E. Craigmiles,* for plaintiff.   *P. C. Andrews,* for defendant.

## WEST *v.* STANDARD ACCIDENT INSURANCE COMPANY.

No. 9211.   NOVEMBER 21, 1932.

*Eldon Haldane,* for plaintiff.   *Harry L. Greene,* for defendant.

RUSSELL, C. J.   The plaintiff as the transferee of an execution against T. B. West Sr., for alimony, in the statutory proceeding provided by law procured the issuance of a summons of garnishment, which was served upon the Standard Accident Insurance Company.   That company filed an answer admitting an indebtedness to West, but alleged that the funds in its hands were the weekly payments awarded by the State Industrial Commission as compensation to West, and therefore were not subject to process of garnishment.   The plaintiff filed the following demurrer: "1. That part of garnishee's answer setting up section 22 of the Georgia workmen's compensation act (Ga. L. 1920, p. 167) as a bar to the plaintiff's right to maintain his garnishment suit should be stricken, for the following reasons:   Section 22 of said act . . is void as being contrary to public policy.   2.   Said section of said act is void and unconstitutional, for the reason that it is violative of article 14, section 1, of the constitution of the United States, in that it deprives plaintiff and others of due process of law, and in that it unlawfully restricts the right to contract, in violation of article 14, section 1, of the constitution of the United States."   The plaintiff filed also the following traverse of the answer of the

garnishee: "Garnishee knew that plaintiff's suit was based on an execution for alimony, and section 22 of the Georgia workmen's compensation act did not contemplate the barring of the right of garnishment to the holder of an execution for alimony. Said section is void as being contrary to the public policy of this State, in so far as it attempts to bar the right of garnishment to the holder of an execution for alimony, even though the liability of the garnishee to the defendant arise by virtue of the provisions of the Georgia workmen's compensation act" (Ga. L. 1920, p. 167). After argument and consideration, separate judgments were entered, the one overruling the demurrer, and the other finding against the traverse. In the bill of exceptions error is assigned upon both of these rulings, but there is no exception to any final judgment in the cause, nor does the record disclose that any judgment has been rendered making final disposition of the case in the lower court. It is obvious, therefore, that the bill of exceptions was prematurely brought, and the writ of error must be dismissed. Though the traverse was overruled following the overruling of the demurrer, the case still pends in the superior court until there has been a final judgment directing the garnishee as to the payment of the funds in its hands, and discharging it from liability upon its obedience to the judgment which the superior court may enter in accordance with the preliminary rulings to which reference has been made, which fixed the law of this case.

*Writ of error dismissed. All the Justices concur.*