## WEST v. STANDARD ACCIDENT INSURANCE COMPANY.

No. 9455. MARCH 18, 1933.

*Eldon Haldane,* for plaintiff. *Harry L. Greene,* for defendant.

RUSSELL, C. J. This case has previously been before this court. The writ of error was dismissed at that time, for the reason that the questions as to which our judgment was invoked were preliminary

to a final judgment in the lower court, and error was not assigned upon any final judgment. *West* v. *Standard Accident Insurance Co.*, 175 *Ga.* 915 (166 S. E. 761). Upon the return of the remittitur the judge of the superior court passed the following order: "The within case coming on to be heard, after arguments had, it is ordered and adjudged that since the Supreme Court has affirmed the previous orders of this court overruling and denying the traverse to answer of garnishee, and overruling the demurrer to answer of garnishee, and since said judgments have become the law of the case, it is further ordered that the garnishee, Standard Accident Insurance Company, is discharged from further liability, and said Insurance Company is directed to pay said compensation to defendant, T. B. West Sr., in accordance with order of the Industrial Commission." The present exception is to this judgment. The plaintiff in error now asks for a ruling under authority of *Caldwell* v. *Central of Ga. Ry. Co.*, 158 *Ga.* 392 (123 S. E. 708), that "a decree for alimony stands upon a different basis from an ordinary debt," and therefore that while workmen's compensation is ordinarily exempt from garnishment (Ga. L. 1920, pp. 167, 179, sec. 22), that exemption does not apply where the plaintiff holds an execution for alimony. The plaintiff further asks, that, in the event a reversal can not be based on the *Caldwell* case, supra, and principles therein laid down, the constitutionality of section 22 of the compensation act be passed on, and that it be held unconstitutional for the reasons alleged in the demurrer to the answer of the garnishee, namely, "because section 22 is purely arbitrary in its nature, a clear violation of the public policy of this State," etc. It is argued that section 22 "plainly violates the letter and the spirit of the 14th amendment to the constitution of the United States and the due-process clause of the Georgia constitution."

As appears from the order of the trial judge, as well as from the rulings of this court (175 *Ga.* 915), the prior writ of error was dismissed because the court was of the opinion that no final judgment had been rendered in the lower court, and therefore, under a well-settled rule applying to such cases as are prematurely brought to this court, that the writ of error should be dismissed. It was dismissed, and with the usual consequence that the rulings of the lower court, by operation of law, stood as if affirmed. The court did not err in its judgment.

*Judgment affirmed. All the Justices concur.*