### A90A1129. COLLINS v. JONES et al.
(399 SE2d 546)

POPE, Judge.

Appellees/plaintiffs William T. Jones, Charles McMillian, James M. Zeidler and Fresh & Fancy Produce, Inc. (hereinafter "plaintiffs") brought this suit on a contract against appellant/defendant Charles C. Collins alleging that Collins had breached the contract by failing to disclose certain debts owed by the corporation. The contract between the parties was a settlement agreement terminating previous litigation between the parties whereby Collins sold back to the corporation and the other parties his stock in the corporation. Paragraph 6 of the settlement agreement read: "Plaintiffs [plaintiffs/appellees in this case] shall indemnify and hold harmless defendant COLLINS from any and all debts of FRESH AND FANCY PRODUCE, INC., including any accrued taxes, and PACA, liens or claims; provided however, that COLLINS warrants that no corporate assets have been pledged for any debt, not known to plaintiffs, nor has he obligated the corporation for any debt other than those incurred in the ordinary course of business." Plaintiffs alleged that they were forced to pay two notes given by Fresh & Fancy Produce, Inc., and executed by Collins in his capacity as president of the corporation and that these debts had not been disclosed by Collins as was required by the settlement agreement. Further, they alleged that the two notes, one in favor of Collins' wife in the amount of $25,000 and the other in favor of Collins' attorney in the amount of $6,000, were not made in the ordinary course of the corporation's business. The trial court, in a bench trial, found in favor of plaintiffs and Collins brings this appeal.

1. Collins argues the trial court erred in denying him trial by jury. Plaintiffs did not request trial by jury in their complaint nor did Collins make a jury demand in his answer. At the time plaintiffs stipulated the case to the active calendar for trial, they specifically requested a non-jury trial. Counsel for Collins was served with a copy of the stipulation on May 5, 1989. Paragraph eight of the stipulation provided: "Notice of objection to stipulation to A/L [active list] must

be made within 10 days." The record shows Collins' request for a jury trial was not filed until the day of the previously scheduled bench trial, June 22, 1989. The trial court ruled that the jury request was interposed for delay and was not timely and denied the request.

"While the right to a jury trial is guaranteed, this right is subject to certain limitations. The right of trial by jury may be made dependent upon a timely demand or other conditions, which, though onerous, do not totally prostrate the right or render it wholly unavailable." (Citations and punctuation omitted.) *Tippins v. Winn-Dixie Atlanta*, 192 Ga. App. 172, 173 (2) (384 SE2d 199) (1989). Collins' jury demand, filed on the day of trial, was more than 30 days beyond the time allotted for objections to the stipulation to the active list for non-jury trial. Having failed to make a timely demand, Collins waived his right to trial by jury and the trial court did not err in denying his request.

2. Collins argues the trial court erred in finding the notes were not made in the ordinary course of business of Fresh & Fancy Produce, Inc. William Jones testified he was the secretary/treasurer of Fresh & Fancy Produce, Inc., and that Fresh & Fancy did not deal with either Collins' wife or personal lawyer in the ordinary course of its business. Collins testified the notes were made to raise capital for the operation of the business and that this was normal. The plaintiffs denied they had any knowledge of the existence of the notes and the trial court found this to be a fact. Resolution of the question of whether the making of the notes was in the regular course of business was for the factfinder, here the trial court. On appeal this court considers only the sufficiency of the evidence, not its weight. *Hawkins v. Grady County Bd. of Tax Assessors*, 192 Ga. App. 416 (2) (385 SE2d 305) (1989). The record discloses sufficient evidence to support the trial court's finding that the notes were not made in the ordinary course of business.

3. Collins argues the trial court erred in not allowing him to introduce the transcript of the settlement hearing into evidence and also erred in not allowing him to testify regarding his understanding of what the agreement provided. Neither of these arguments has merit. The settlement agreement signed by Collins contained a provision that stated the writing contained the entire agreement between the parties. Therefore, parol evidence regarding the intent of the parties was not relevant to the issue of whether the notes were made in the ordinary course of business.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

Decided November 20, 1990 —
Rehearing denied December 4, 1990 —

*McAllister & Roberts, J. Dunham McAllister,* for appellant.
*Sexton, Turner & Moody, William R. Moody, Jr.,* for appellees.