## A93A0527, A93A0756. CLINTON LEASING
## CORPORATION v. PATTERSON et al. (two cases).
### (433 SE2d 422)

COOPER, Judge.

Appellant brought suit against six defendants ("appellees" herein) based on their personal guarantees of a lease. Default judgment in the amount of $34,830.11 plus interest and attorney fees was entered against appellees on January 14, 1992 upon the trial court's determination that appellees failed to answer the duly served complaint. After the time for appeal had expired, appellant served interrogatories on each defendant by U. S. mail to their attorney on March 19, 1992. Appellees failed to respond to the discovery requests, and appellant moved the court to compel their responses. The matter was set for hearing. Notice of the hearing and appellant's motion to compel were also served by mail. Appellees did not respond in writing to the motion to compel; however, at the hearing, appellees' counsel made an oral motion to dismiss. The trial court invited briefs, and thereafter appellees filed a brief denominated "Defendants' Memorandum in Support of Their Oral Motion to Dismiss for Lack of Jurisdiction," wherein they argued that the court was without jurisdiction to compel post-judgment discovery because appellant failed to personally serve appellees with the interrogatories, motion to compel and rule nisi. Granting appellees' motion to dismiss, the trial court acknowledged that appellant was entitled to post-judgment discovery pursuant to OCGA § 9-11-69 and concluded that the default judgment was a final judgment, therefore, at the time appellant sought post-judgment discovery, there was no longer a case pending; that service of appellant's post-judgment pleadings by mail did not properly invoke the court's jurisdiction; and that under the circumstances, only personal service of appellees would properly invoke the jurisdiction of the court. Appellant filed a direct appeal from the trial court's order (Case No. A93A0527) and, in an abundance of caution, also obtained a certificate of immediate review from the trial court and sought permission to file an interlocutory appeal in the event the court viewed the court's order as a denial of appellant's motion to compel. Appellant's application for interlocutory appeal was granted, and a second notice of appeal was filed (Case No. A93A0756).

Inasmuch as the trial court's order, dismissing appellant's post-judgment pleadings for lack of jurisdiction, was a final order and the direct appeal was timely and otherwise properly filed, we will review the error enumerated in Case No. A93A0527. Accordingly, consideration of the identical enumeration of error in Case No. A93A0756 is unnecessary, and that appeal is dismissed. Appellant contends the trial court erred in granting appellees' motion to dismiss for lack of jurisdiction.

The purpose of OCGA § 9-11-69 is "to aid the enforcement of a judgment or execution after it has become a *final* determination of the issue between the parties." (Emphasis supplied.) *McLarty v. Emhart Corp.*, 122 Ga. App. 677 (178 SE2d 344) (1970). OCGA § 9-11-69 allows the judgment creditor to examine any person, including the judgment debtor, by taking depositions or propounding interrogatories "in the manner provided in [Title 9, Chapter 11] for such discovery measures prior to judgment." Service by mail upon counsel is permitted by OCGA § 9-11-5 (b). Therefore, the trial court erred in dismissing appellant's pleadings.

*Judgment reversed in Case No. A93A0527. Appeal dismissed in Case No. A93A0756. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JULY 7, 1993.

*Fife M. Whiteside*, for appellant.
*Clarence A. Miller*, for appellees.