## A09A0393. HARRELL v. HOUSTON COUNTY.
(682 SE2d 591)

PHIPPS, Judge.

Camille Harrell appeals the trial court's order granting summary judgment to Houston County on her civil rights claim brought under 42 USC § 1983. For reasons that follow, we reverse.

Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a

348

matter of law.[1] We review the grant of summary judgment de novo, construing the evidence and all reasonable inferences in favor of the nonmoving party.[2]

So viewed, the record shows that Harrell was stopped for speeding while driving though Houston County in October 2004. The arresting officer issued a traffic citation that directed her to appear in Houston County State Court on a future date to answer the charge. A subsequent letter from the state court clerk informed Harrell that her appearance had been scheduled for January 7, 2005. The letter further explained: "It is not necessary to make a court appearance on a speeding ticket so you can send a certified check or money order for $162.00 or if you wish to appear on January 7, be sure and bring $162.00 cash or money order with you."

Intending to contest the speeding charge, Harrell appeared in court on the scheduled date. At that time, however, the court required defendants pleading not guilty to a traffic violation to post a bond of twice the fine payable for the violation. When Harrell learned about the bond amount, she decided not to challenge the speeding charge and to pay the $162 fine. A Houston County State Court judge accepted Harrell's plea of nolo contendere and imposed a 12-month suspended sentence that would terminate upon payment of the fine.

After entering her plea, Harrell explained to a bailiff that she needed to leave the courthouse briefly to obtain $162 from a nearby ATM. The bailiff told her that unless she could satisfy the fine before leaving the courthouse, she would need to complete paperwork with Sentinel Offender Services, Inc., a private company that handled probation and suspended-sentence services for misdemeanor offenders in Houston County. The paperwork set up a plan for remitting the fine to Sentinel. It also triggered a $25 per month supervision fee for Sentinel's services.

Harrell completed the paperwork, which directed her to pay $187 — the $162 fine plus the $25 supervision fee — to Sentinel. She then left the courthouse, withdrew money from an ATM, and returned to make payment. According to Harrell, she spoke with a Sentinel representative, who took her to the state court clerk's office. She paid the $162 fine in the clerk's office, received a receipt, and was told by the Sentinel representative that her Sentinel paperwork "would be destroyed" and that she was free to leave. The representative did not ask for the $25 supervision fee.

In June 2005, a Sentinel probation officer received an internal

___

[1] OCGA § 9-11-56 (c).
[2] *Means v. City of Atlanta Police Dept.*, 262 Ga. App. 700, 701 (586 SE2d 373) (2003).

report indicating that Harrell had not made the $187 payment. Apparently, Harrell's paperwork had not been "destroyed," and Sentinel did not have a record that she had satisfied her traffic fine because she had made payment to the clerk's office, rather than directly to Sentinel. On July 12, the probation officer sought a warrant for Harrell's arrest based on nonpayment. The warrant application was signed by the officer and notarized. But it did not contain an attestation that the statements in the application were made under oath, and Houston County offered no evidence that the officer requesting the warrant was otherwise sworn.

Pursuant to the warrant, Harrell was arrested at her Clayton County residence on July 30, 2005, and held in the Clayton County jail for several days. At some point, the receipt showing that she had paid her fine was faxed to Houston County. Nevertheless, Houston County officers picked her up from Clayton County to transport her back to Houston County. She was eventually released from the Houston County jail, and all charges were dismissed.

Harrell sued Sentinel and Houston County, arguing that she was improperly arrested and detained in July 2005. With respect to Sentinel, she alleged claims for negligence, false arrest, false imprisonment, malicious prosecution, and intentional infliction of emotional distress. As to Houston County, she alleged several state law claims, as well as a claim under 42 USC § 1983. Specifically, she asserted that Houston County's actions had violated her constitutional right to be free from false arrest, false imprisonment, and malicious prosecution. Houston County moved for summary judgment on all claims. In response, Harrell conceded that the county could not be held liable on the state law claims. She argued, however, that her Section 1983 claim was viable and that questions of fact remained. The trial court disagreed and granted summary judgment to Houston County. This appeal followed.

A local government may be held liable for damages under 42 USC § 1983 if it deprives a person "of a constitutional right pursuant to an impermissible or corrupt policy which is intentional or deliberate."[3] To succeed on such a claim, a plaintiff must point to some constitutionally deficient policy or custom that caused — and is closely related to — an injury.[4] As we have explained,

> the plaintiff[ ] must ... demonstrate that, through its deliberate conduct, the [local government] was the moving

---

[3] *Carter v. Glenn*, 243 Ga. App. 544, 545 (1) (533 SE2d 109) (2000) (citation and punctuation omitted). See also 42 USC § 1983.

[4] See *Carter*, supra.

force behind the injury alleged. That is, a plaintiff must show that the [governmental] action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the . . . action and the deprivation of federal rights. Some employee or agent must intend to act or refuse to act based upon such governmental policy.[5]

Harrell claims that her arrest and detention in 2005 injured her. And she argues on appeal that four allegedly unconstitutional Houston County practices caused the injury: (1) conducting impermissible "mass arraignments" in traffic court; (2) requiring all defendants who wish to plead "not guilty" to post a bond in the amount of double the traffic fine; (3) allowing Sentinel to charge a $25 supervision fee for defendants who pay their fines immediately; and (4) issuing an invalid arrest warrant in July 2005. According to Harrell, if Houston County had not engaged in these practices, "her arrest and detention would never have occurred."

As an initial matter, we fail to see how the first three claimed deficiencies can be construed as a "moving force" behind Harrell's injury. Any deficiency in the mass arraignment and bond procedure did not result in her arrest and detention for an alleged probation violation. Similarly, Harrell has not shown that the $25 supervision fee played any role in the July 2005 arrest. Although the Sentinel probation officer who prepared the arrest warrant included the fee in the amount allegedly owed by Harrell, Houston County dropped all charges once it determined that Harrell had paid the $162 fine. She was never asked to satisfy the $25 fee. And the probation officer testified that if he had known that Harrell had already paid the $162 fine, it would have "made a difference" in his decision to take out an arrest warrant. Simply put, Harrell has not raised a question of fact as to whether nonpayment of the $25 fee caused her arrest and detention.

On appeal, Harrell attempts to link these alleged violations to her injury by arguing that absent the mass arraignment, bond, and supervision procedures, she would have proceeded to trial on the traffic violation, might have been acquitted, and thus would not have been on probation under Sentinel's supervision. But the violations must be *closely related* to the injury.[6] In our view, the arraignment, bond, and supervision fee practices were at best tangentially — and speculatively — related to the July 2005 arrest and detention. They were not the "moving force" behind the injury and thus, even if

---

[5] Id. (citation omitted).
[6] See id.

constitutionally suspect, cannot support a claim under 42 USC § 1983.[7]

Harrell's claim regarding the arrest warrant, however, does not suffer from this causal infirmity. To be constitutionally valid, an arrest warrant must be supported by an affirmation or statement under oath.[8] Nothing indicates that the probation officer who requested the warrant for Harrell was sworn or made any statements under oath. Although his signature on the warrant application was notarized, that fact alone does not satisfy the oath requirement.[9] Moreover, Harrell presented evidence that in July 2005, Houston County judges typically signed arrest warrants requested by Sentinel without placing anyone from Sentinel under oath, requiring that the application be sworn, or otherwise ensuring that Sentinel had accurate information to support the warrant request.

Under these circumstances, questions of fact remain as to Harrell's Section 1983 claim regarding the arrest warrant process. The record supports the conclusion that the warrant issued for Harrell was constitutionally invalid. And at least some evidence demonstrates that, as part of its deliberate policies or customs, the Houston County State Court routinely issued invalid arrest warrants at Sentinel's request.[10] Finally, the issuance of the warrant can be viewed as the moving force behind Harrell's arrest and detention in July 2005. Accordingly, the trial court erred in granting Houston County summary judgment on this claim.[11]

*Judgment reversed. Smith, P. J., and Bernes, J., concur.*

DECIDED JUNE 30, 2009 —
RECONSIDERATION DENIED JULY 24, 2009

*Moraitakis, Kushel, Pearson & Gardner, Albert M. Pearson III, Charles T. Brant*, for appellant.

---

[7] See *Outlaw v. Nasworthy*, 250 Ga. App. 362, 365-366 (3) (551 SE2d 785) (2001); *Carter*, supra (constitutional violation must cause injury).

[8] U. S. Const. Amend. 4.

[9] See *Wilson v. State*, 292 Ga. App. 540, 543-544 (664 SE2d 890) (2008).

[10] See *Brown v. Dorsey*, 276 Ga. App. 851, 853 (625 SE2d 16) (2005) ("A policy is a decision that is officially adopted by the [governmental entity], or created by an official of such rank that he or she could be said to be acting on behalf of the [entity]. A custom is a practice that is so settled and permanent that it takes on the force of law.") (punctuation and footnotes omitted).

[11] Houston County did not argue below – and does not claim on appeal – that a policy or custom adopted by a county's judicial branch or elected judicial officials cannot be attributed to the county for purposes of 42 USC § 1983 liability. Accordingly, we do not address this issue or consider whether it might be an appropriate basis for summary judgment.

352

*Buckley Brown, Timothy J. Buckley III, Tracy K. Haff,* for appellee.