S09G2004. HOUSTON COUNTY v. HARRELL.
(695 SE2d 29)

HINES, Justice.

This Court granted a writ of certiorari to the Court of Appeals in *Harrell v. Houston County*, 299 Ga. App. 347 (682 SE2d 591) (2009), to determine if the appeal was properly addressed by that court. Determining that it was not, we reverse.

Camille Harrell was cited for speeding in Houston County, Georgia, in October 2004. On January 7, 2005, she appeared in the State Court of Houston County and pled nolo contendere. Before leaving the courthouse to obtain money with which to pay her fine, Harrell was required to set up a payment plan with Sentinel Offender Services ("Sentinel"), a private company that provides probation and suspended sentence services to Houston County. After she obtained the money, she returned to the courthouse, and paid her fine to the clerk of the court. A Sentinel representative then told Harrell that she could leave the courthouse, and that her payment plan paperwork would be destroyed. But, it was not destroyed. A Sentinel probation officer later sought a warrant for Harrell's arrest, and pursuant to that warrant, she was arrested and held in jail for several days before all charges were dismissed.

Harrell sued Houston County and Sentinel, asserting a variety of claims. Houston County moved for summary judgment, which, on November 21, 2007, was granted only as to it. On December 19, 2007, Harrell moved for reconsideration of the grant of partial summary judgment; her motion was denied on February 29, 2008. On March 12, 2008, Harrell, seeking to appeal the November 21, 2007 grant of partial summary judgment, filed a notice of appeal pursuant to OCGA § 9-11-56 (h); the Court of Appeals dismissed that appeal on June 25, 2008, because the notice of appeal was not filed within 30 days after the entry of an appealable judgment, as a motion for reconsideration does not extend the time in which an appeal may be filed. See *Ferguson v. Freeman*, 282 Ga. 180, 181 (1) (646 SE2d 65) (2007).

Upon return of the remittitur to the trial court, Harrell moved for an "order of finality" under OCGA § 9-11-54 (b); the stated reason for seeking the entry of an order of finality was that such an order would allow her to revive her procedurally defaulted appeal. On July 30, 2008, the trial court entered an order stating that the November 21, 2007 grant of partial summary judgment was certified as a final judgment under the authority of OCGA § 9-11-54 (b). On

August 18, 2008, Harrell filed her second notice of appeal, this from the order of July 30, 2008, and on consideration of this appeal, the Court of Appeals reversed the trial court's grant of partial summary judgment; further facts may be found in the opinion of the Court of Appeals. *Harrell*, supra.

This Court stated in *Mitchell v. Oliver*, 254 Ga. 112, 114 (1) (327 SE2d 216) (1985), that

> [i]f the losing party suffers dismissal of his § 9-11-56 (h) appeal for failure to fulfill procedural requirements, the losing party should, in return for his privilege of direct appeal, suffer the same sanction of res judicata which attaches to a final judgment from which a procedurally defective appeal is taken. Therefore, we hold that a losing party on summary judgment who puts the machinery of immediate appellate review under OCGA § 9-11-56 (h) into motion, yet commits a procedural default fatal to his appeal, is foreclosed from thereafter resubmitting the matter for review on appeal of the final judgment.

This, of course, is what happened here; by her March 12, 2008 notice of appeal, Harrell put the machinery of appellate review into motion under OCGA § 9-11-56 (h), and committed a procedural default. Accordingly, under *Mitchell*, she is "foreclosed from thereafter resubmitting the matter for review on appeal of the final judgment." Supra.

Nonetheless, Harrell notes that in *Mitchell*, the appellant moved to dismiss the cross-appeal on the grounds of res judicata, and asserts it was only in the context of that motion that this Court made its pronouncement regarding foreclosure of the attempted second direct appeal. Harrell thus contends that the pronouncement in *Mitchell* is confined to the exact procedural facts presented therein, i.e., consideration of an appellate motion to dismiss on the ground of res judicata. No such motion was filed in the Court of Appeals in this case.[1]

However, no such motion is necessary for appellate consideration of the effect of the prior dismissal. Although the issue can be framed using the elements of res judicata, the appellate issue is more fundamental; a party is not entitled to a second appeal from a single order. *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. 255, 256 (1) (564 SE2d 715) (2002). See also *Northwest Social and Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003).

---

[1] Nor was such a defense raised to the claim for relief in the trial court. See OCGA § 9-11-8 (c).

Harrell had a right to a direct appeal from the order granting partial summary judgment; she exercised that right, and cannot use procedural maneuvers to contrive a second appeal. "[L]itigants cannot under any circumstances dictate the procedural or jurisdictional rules of this Court." *Walker v. Estate of Mays*, 279 Ga. 652, 653 (1) (619 SE2d 679) (2005) (citations and punctuation omitted).

Here, Harrell's first direct appeal "was dismissed, and with the usual consequence that the rulings of the lower court, by operation of law, stood as if affirmed." *West v. Standard Accident Ins. Co.*, 176 Ga. 755 (168 SE 766) (1933). The effect of that dismissal was binding upon the trial court. OCGA § 9-11-60 (h). A trial court's ruling circumventing the appellate court's dismissal of a direct appeal cannot be permitted; upon return of the remittitur to the trial court after the first direct appeal, "[t]he only action which that court had authority or power to take was to make the judgment of [the Court of Appeals] the judgment of the trial court . . . . [Cits.]" *Shepherd v. Shepherd*, 243 Ga. 253, 254 (253 SE2d 696) (1979). Accordingly, the trial court did not have authority to enter its order of July 30, 2008 purporting to make the earlier grant of partial summary judgment final under OCGA § 9-11-54 (b), and thus, the judgment of the Court of Appeals reversing the grant of partial summary judgment must be reversed. Id. See *Weatherbed v. State*, 271 Ga. 736, 738 (524 SE2d 452) (1999).

*Judgment reversed. All the Justices concur.*

DECIDED MAY 17, 2010.

*Buckley & Brown, Timothy J. Buckley III, Tracy K. Haff*, for appellant.

*Moraitakis, Kushel, Pearson & Gardner, Albert M. Pearson III, Colom & Brant, Charles T. Brant*, for appellee.