A11A1516. IN RE ESTATE OF OPAL MAE TAPLEY.

(718 SE2d 92)

ANDREWS, Judge.

This is the second appeal from a bench trial on an estate's claim that its executor stole a truck from it. Defendant Shirley Meeks, the erstwhile executor, argues that the trial court erred when it granted the estate of Opal Mae Tapley partial summary judgment, when it denied Meeks's request for a jury trial, and when it awarded the estate damages and attorney fees in the amount of $96,433.73. We hold that the trial court erred when it altered the award of compensatory damages after Meeks's unsuccessful first appeal and when it awarded the estate fees expended in a previous will contest. We therefore affirm the judgment in part, reverse it in part, and remand for further proceedings as to fees.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most

---

favorable to the nonmoving party, warrant judgment as a matter of law." (Citations omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). As to the bench trial on damages, however, we will not set aside the trial court's findings

> unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. OCGA § 9-11-52 (a). The clearly erroneous test is the same as the any evidence rule. Thus, an appellate court will not disturb fact findings of a trial court if there is any evidence to sustain them.

(Citation omitted.) *Chesser v. Chesser*, 284 Ga. App. 381 (643 SE2d 764) (2007).

So viewed, the record shows that Opal Mae Tapley's husband predeceased her, leaving her all his possessions, including a 2003 pickup truck. Tapley herself died in June 2006, after which Shirley Meeks submitted a will to probate in Carroll County under which she was both executor and sole beneficiary. In November 2007, the probate court set the will aside on the ground that Tapley had lacked the capacity to make it. The probate court also appointed Lawrence Shadix as temporary administrator of Tapley's estate. After a jury trial, the Carroll County trial court also set aside the will.

Meeks testified in the probate proceedings that the truck had disappeared after Mr. Tapley moved into a nursing home. Post-hearing investigations found, however, that Meeks's son-in-law had sold the truck to a Tennessee man. In April 2008, the estate filed this action against Meeks in Carroll County Superior Court, alleging that she had converted the truck. The parties agreed to transfer the case to Paulding County because Meeks was a resident there. Meeks later pled guilty to two counts of theft by taking, false report of a crime, and perjury concerning the truck as well as some furniture owned by the estate.

On July 12, 2010, the Paulding County trial court granted the estate partial summary judgment as to Meeks's liability for appropriating the truck and furniture. Citing OCGA § 53-6-2,[1] the trial court also awarded double the value of the converted truck ($12,500) for a total of $25,000 in compensatory damages. On July 19, Meeks moved for reconsideration. On August 12, Meeks appealed the

---

[1] OCGA § 53-6-2 provides that a person who converts the personalty of a decedent "shall be deemed an executor de son tort and as such shall be liable to the creditors and heirs or beneficiaries of the estate for *double the value of the property so possessed and converted*." (Emphasis supplied.)

partial grant to this Court, which later dismissed the appeal as untimely.

In the meantime, but after the filing of Meeks's notice of appeal, the trial court granted her motion for reconsideration as to damages and scheduled a bench trial for September 30. On that morning, Meeks demanded a jury trial, which was refused. After hearing evidence as to damages, the trial court awarded the estate double the value of $12,000, or a total of $24,000, for the conversion of the truck; an additional $12,000 in compensatory damages "for the conversion, fraud, and other wrongs perpetrated" on the estate; $48,433.73 in attorney fees; and $12,000 in punitive damages. Meeks's motion for new trial was denied.

1. In two assertions of error, Meeks contests the trial court's holding that she was liable for $25,000 in damages, later adjusted to $24,000, arising from the conversion of the truck.

As the Supreme Court of Georgia has recently reaffirmed, "a party is not entitled to a second appeal from a single order." *Houston County v. Harrell*, 287 Ga. 162, 163 (695 SE2d 29) (2010). Here, Meeks's first direct appeal from the trial court's partial grant of summary judgment "was dismissed, . . . with the usual consequence that the rulings of the lower court, by operation of law, stood as if affirmed." (Citation and punctuation omitted.) Id. at 164. "[U]pon return of the remittitur to the trial court after the first direct appeal, the only action which that court had authority or power to take was to make the judgment of the Court of Appeals the judgment of the trial court." (Citation and punctuation omitted.) Id.

When the trial court ordered a bench trial as to damages and, on the basis of them, purported to award another amount of damages arising from Meeks's conversion of the truck, it did so without jurisdiction over the subject matter. *In re Estate of Zeigler*, 259 Ga. App. 807, 808 (1) (578 SE2d 519) (2003) (trial court lacked jurisdiction to vacate an order because the filing of a notice of appeal served as supersedeas as to the subject matter of that judgment). The portion of its second order reducing the amount of compensatory damages concerning the conversion of the truck was therefore void at the time it was entered. Id. It follows that Meeks cannot now assert any error concerning the grant of summary judgment as to liability and the value of the truck in the amount of $25,000. *Houston County*, 287 Ga. at 163 (affirming a grant of partial summary judgment when the nonmovant's first direct appeal concerning it was dismissed as untimely).

2. Meeks also argues that the trial court erred when it granted an additional $12,000 in damages for fraud and conversion. We agree.

A plaintiff seeking damages for the conversion of personal property "may recover a sum in the amount of the highest value which he is able to prove existed between the time of the conversion and the trial." OCGA § 44-12-152. "In an action for fraud, the measure of damages is the actual loss sustained, and the question of damages cannot be left to speculation, conjecture and guesswork." (Punctuation omitted.) *First Southern Bank v. C & F Svcs.*, 290 Ga. App. 305, 307-308 (2) (659 SE2d 707) (2008).

Although the trial court's first order noted that Meeks was liable for conversion of the furniture, the record shows that at the bench trial, the value of the converted furniture was given as "no more than $200.00," with no value at all assigned to a never-recovered lawn mower. There being no basis in the record for the trial court's award of $12,000 in compensatory damages in addition to those awarded in its first order, we reverse that portion of the judgment. *First Southern Bank*, 290 Ga. App. at 308 (2) (reversing award of damages for fraud where plaintiff "alleged and proved only economic harm in an amount substantially less than [the factfinder's] award"); *Kimball v. Perrier*, 229 Ga. App. 30, 33-34 (1) (492 SE2d 913) (1997) (without evidence showing the extent of plaintiff's actual loss as to fraud, the trial court erred in denying defendants' motion for judgment notwithstanding the verdict); *Fulton Nat. Bank &c. v. Marshall*, 245 Ga. 745 (267 SE2d 225) (1980) (on request, a trial court must charge the jury as to the economic measure of damages for conversion).

3. Meeks first requested a jury trial on the morning of the bench trial as to damages, though she had already appealed the trial court's first finding as to damages and had answered the complaint more than two years before. The trial court did not err when it denied Meeks's belated request. *Collins v. Jones*, 197 Ga. App. 839, 840 (1) (399 SE2d 546) (1990) (request for jury trial filed on the date of a bench trial was interposed for purposes of delay and was untimely).

4. Meeks also argues that the trial court erred when, over Meeks's objection, it awarded the estate attorney fees expended in the course of the appeal to Carroll County Superior Court concerning the will. We agree.

Although this Court has authorized the recovery of attorney fees expended in an underlying action "as real damages incurred as the result of defendants' malfeasance or misfeasance," *Marcoux v. Fields*, 195 Ga. App. 573, 574 (394 SE2d 361) (1990), the question of fees under OCGA § 13-6-11 is for "the jury," which has been held to mean the factfinder in the particular case. See *Covington Square Assoc. v. Ingles Markets*, 287 Ga. 445, 447-448 (696 SE2d 649) (2010). It is also true that a party cannot recover fees under authority of OCGA § 13-6-11 to the extent that the fees are expended in a prior

legal proceeding. *Easley v. Clement*, 259 Ga. 107, 107-108 (376 SE2d 860) (1989) (plaintiff may recover under OCGA § 13-6-11 "only [those] attorney fees and expenses . . . incurred in prosecuting the second action").

This record, which includes the Carroll County Superior Court jury's verdict setting aside the will, shows that the issue of fees was never placed before that jury, and that the judgment entered on the verdict was also silent on the matter. We therefore reverse the award of fees to the extent that it included those expended in the course of the Carroll County will contest. *Covington Square*, 287 Ga. at 448 (reversing trial court's grant of fees under OCGA § 13-6-11 where it was not the trier of fact on the underlying matter).

In sum, (a) the trial court's initial award to the estate of $25,000 in compensatory damages is affirmed with direction that it be re-entered as part of a final judgment; (b) the trial court's award of an additional $12,000 in compensatory damages is reversed; (c) its award of attorney fees is reversed as to those fees expended in the Carroll County will contest; and (d) the remaining portion of the fee award is vacated, and the case remanded to the trial court to determine the remaining portion of fees expended in this action.

*Judgment affirmed in part, reversed in part, and vacated in part, and case remanded with direction. Phipps, P. J., and McFadden, J., concur.*

DECIDED OCTOBER 24, 2011.

*Roger L. Curry*, for appellant.
*Tisinger Vance, Charles D. Mecklin, Jr.*, for appellee.