**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**March 24, 2014**

# In the Court of Appeals of Georgia

A13A1995. MULTIBANK 2009-1 RES-ADC VENTURE, LLC v.
SAVANNAH RIVER CLUB, LLC et al.

ANDREWS, Presiding Judge.

Multibank 2009-1 RES-ADC Venture, LLC ("Multibank") first filed the underlying complaint for breach of promissory note and guaranty agreements against Savannah River Club, LLC, Gerard M. Koehn, Steven L. Stamm, John Visser, Frank Montagna, Goldridge Group, LLP, and MV Developments (collectively "SRC") in the United States District Court for the Northern District of Georgia and later filed a suggestion of lack of jurisdiction in that court. The district court concluded that it lacked subject matter jurisdiction and dismissed the case without prejudice. Multibank refiled its complaint in the Superior Court of Gwinnett County. The Gwinnett County trial court thereafter granted Multibank's motion for summary

judgment on its claims for breach of promissory note and guaranty agreements, dismissed SRC's counterclaim for setoff recoupment of damages, and denied Multibank's motion for summary judgment on SRC's counterclaim for OCGA § 13-6-11 bad faith attorney fees in the federal litigation of the case.

Multibank appeals from that portion of the trial court's order denying it summary judgment as to SRC's counterclaim for OCGA § 13-6-11 attorney fees. Pertinently, Multibank argues that fees expended in a prior litigation are not recoverable under OCGA § 13-6-11. We agree. It is well-settled that "a party cannot recover fees under authority of OCGA § 13-6-11 to the extent that the fees are expended in a prior legal proceeding." *In Re Estate of Opal Mae Tapley*, 312 Ga. App. 234, 237-238 (4) (718 SE2d 92) (2011). Here, the federal case was dismissed and re-filed in superior court. There was no remand.

*Judgment reversed. Dillard and McMillian, JJ., concur.*