**FIFTH DIVISION**
**MCFADDEN, P. J.**
**BROWN AND MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 26, 2024**

# In the Court of Appeals of Georgia

A23A1245. HARMON v. PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS.

McFADDEN, Presiding Judge.

In this appeal, Jennifer Harmon asserts two claims of error: that the trial court erred in granting summary judgment to Progressive Premier Insurance Company of Illinois and that the trial court erred in denying Harmon's motion to vacate that summary judgment ruling. Harmon asserted the identical claims of error in an earlier, procedurally flawed appeal, which we dismissed for lack of jurisdiction. *Harmon v. Progressive Premier Ins. Co. of Ill.*, 364 Ga. App. 809 (874 SE2d 163) (2022) (*Harmon I*).

Our earlier dismissal has two effects upon the present case. Although we did not address the merits of her appeal, our dismissal forecloses further appellate review of

the summary judgment ruling, and consequently it renders moot this appeal from the ruling on the motion to vacate. So we grant Progressive's motion to dismiss this appeal.

1. *Procedural history*

We set out the procedural history of this case in *Harmon I*, 364 Ga. App. at 809-810. In summary, it is an action for damages allegedly sustained in a car wreck. Harmon brought it against the car's driver and, under OCGA § 33-7-11 (d), also served it on Progressive. Progressive in turn filed a cross-claim against the driver. The trial court granted summary judgment on Harmon's claim to Progressive, holding that her failure to provide timely notice of the accident barred recovery as a matter of law. Harmon moved to vacate the summary judgment ruling, and the trial court denied that motion.

Harmon then filed a notice of direct appeal in *Harmon I* and Progressive moved to dismiss that appeal. We granted that motion and dismissed the appeal, holding that we lacked jurisdiction for two reasons. First the appeal from the summary judgment ruling was untimely. Second the appeal from the ruling on the motion to vacate should have been pursued through the interlocutory appeal procedures because Harmon's

2

claim against the allegedly negligent driver remained pending below. *Harmon I*, 364 Ga. App. at 810-811.

After the case returned to the trial court, Harmon filed a motion asking the trial court to enter a final judgment under OCGA § 9-11-54 (b). Instead, the trial court entered an order dismissing the case with prejudice, finding that his "earlier entry of summary judgment [was] on the sole matter remaining in this case [and that] there remain[ed] no issue for determination." (The record on appeal indicates that the parties had settled the claims against the driver.)

Harmon then filed a timely notice of appeal from the dismissal order. That order was a final was a final judgment, normally subject to direct appeal. See OCGA § 5-6-34 (a) (1). As she did in *Harmon I*, Harmon enumerates as error the trial court's grant of summary judgment to Progressive and the trial court's denial of her motion to vacate that summary judgment ruling.

Progressive has moved to dismiss this appeal, arguing that because of Harmon's previous failed effort to invoke our appellate jurisdiction, this appeal is due to be dismissed. Under a line of cases handed down by our Supreme Court, we are constrained to agree. See *Massey v. Massey*, 294 Ga. 163, 165 (1) (751 SE2d 330)

(2013); *Houston County v. Harrell*, 287 Ga. 162, 163 (695 SE2d 29) (2010); *Mitchell v. Oliver*, 254 Ga. 112, 113 (1) (327 SE2d 216) (1985).

2. *Summary judgment order*

Harmon had the right to immediate appellate review from the trial court's grant of partial summary judgment against her, even though that summary judgement order did not dispose of the whole case. OCGA § 9-11-56 (h). Alternatively she could have waited and appealed of right after the trial court issued a final judgment. OCGA § 5-6-34 (d). See also *Mitchell*, 254 Ga. at 113 (1); *Roth v. Gulf Atlantic Media of Ga.*, 244 Ga. App. 677, 679 (1) (536 SE2d 577) (2000). In other words, "[s]he was not required to request a certificate of immediate review from the trial court under OCGA § 5-6-34 (b)." *Massey*, 294 Ga. at 164 (2).

Harmon elected to invoke her right to an immediate appeal from the summary judgment ruling under OCGA § 9-11-56 (h). But that appeal had to be dismissed, because she did not file her notice of appeal within 30 days of the summary judgment ruling. *Harmon I*, 364 Ga. App. at 810.

Our Supreme Court has held "that a losing party on summary judgment who puts the machinery of immediate appellate review under OCGA § 9-11-56 (h) into

motion, yet commits a procedural default fatal to his appeal, is foreclosed from thereafter resubmitting the matter for review on appeal of the final judgment."

*Mitchell*, 254 Ga. at 114 (1); *Houston County*, 287 Ga. at 163 (quoting *Mitchell*). Accord *Massey*, 294 Ga. at 165 (2) (recognizing the extension of that rule to immediate appeals from non-final judgments authorized under OCGA § 5-6-34 (a) (2)). Of course, we are bound to abide by the decisions of our Supreme Court.[1]

---

[1] We respectfully suggest, however, that our Supreme Court should reexamine that rule. It is a judge-made rule. Our Supreme Court handed it down in 1985.

Unlike an OCGA § 5–6–34 (b) interlocutory application, which is discretionary with both the trial and appellate courts, OCGA § 9–11–56 (h) allows the losing party to secure an interlocutory ruling as a matter of right. If the losing party suffers dismissal of his § 9–11–56 (h) appeal for failure to fulfill procedural requirements, *the losing party should, in return for his privilege of direct appeal, suffer* the same sanction of res judicata which attaches to a final judgment from which a procedurally defective appeal is taken. *Therefore, we hold* that a losing party on summary judgment who puts the machinery of immediate appellate review under OCGA § 9–11–56 (h) into motion, yet commits a procedural default fatal to his appeal, is foreclosed from thereafter resubmitting the matter for review on appeal of the final judgment.

*Mitchell*, 254 Ga. at 114 (1) (emphasis added).

As a matter of logic, *Mitchell* cannot withstand analysis. A final judgment from which a defective appeal is taken becomes final, and consequently res judicata, not because of the defective appeal, but because of the expiration of a statutory jurisdictional deadline.

As a matter of policy, *Mitchell* is inconsistent with the express intent and the express direction of the Appellate Practice Act.

It is the intention of [the Appellate Practice Act] to provide a procedure for taking cases to the Supreme Court and the Court of Appeals, as authorized

5

in Article VI, Sections V and VI of the Constitution of this state; to that end, *this article shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in this article.*

OCGA § 5-6-30 (emphasis added). More specifically,

*No appeal shall be dismissed* or its validity affected for any cause nor shall consideration of any enumerated error be refused, *except:*

(1) For failure to file notice of appeal within the time required as provided in this article or within any extension of time granted hereunder;

(2) Where the decision or judgment is not then appealable; or

(3) Where the questions presented have become moot.

OCGA § 5-6-48 (b) (emphasis added).

In 2010 our Supreme Court offered an additional rational for the rule handed down in *Mitchell.* "[T]he appellate issue is more fundamental; a party is not entitled to a second appeal from a single order." *Houston County*, 287 Ga. at 163.

But the cases *Houston County* cites in support of that proposition involve prior consideration of discretionary applications on the merits. See *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. 255, 256 (1) (564 SE2d 715) (2002) ("[W]e have already properly considered Ferguson's claims when we reviewed and rejected his discretionary application to appeal."); *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003) (Quoting *Ferguson*: "This Court 'already properly considered Appellant's claims when we reviewed and rejected its discretionary application to appeal. That being so, it has no right to file a direct appeal and obtain a second review of those same claims.'") (punctuation omitted).

We are aware of no other circumstance under the Appellate Practice Act where an unsuccessful attempt to invoke the appellate courts' jurisdiction has been treated as a prior affirmance on the merits. On the contrary, prior to the enactment of OCGA § 5-6-35 (j), members of both appellate courts encouraged litigants in doubt about the correct appellate procedure to file both a notice of appeal and an application. See *Clinton Leasing Corp. v. Patterson*, 209 Ga. App. 336, 336 (433 SE2d 422) (1993) ("Appellant filed a direct appeal from the trial court's order . . . and, in an abundance of caution, also obtained a certificate of immediate review from the trial court and

6

3. *Ruling on motion to vacate*

The rule handed down in *Mitchell*, supra, does not apply directly to the order

denying the motion to vacate the summary judgment ruling. As we noted in *Harmon*

*I*, the order denying that motion was subject to the interlocutory appeal procedure set

out at OCGA § 5-6-34 (b). *Harmon I*, 364 Ga. App. at 810-811. So Harmon did not

sought permission to file an interlocutory appeal in the event the court viewed the court's order as a denial of appellant's motion to compel.").

Our Supreme Court has disapproved judge-made rules in recent opinions. See, e. g., *Cook v. State*, 313 Ga. 471, 503-504 (3) (e) (870 SE2d 758) (2022) (eliminating motions for out-of-time appeals). And it has done so notwithstanding substantial countervailing considerations. See *Cook*, 313 Ga. at 509 ("The motion for out-of-time appeal is more entrenched in our legal system than I had realized, and the policy implications of reversing course now are beyond our Court's ability even to understand fully today, much less solve.") (Peterson, J., dissenting).

And our Supreme Court has recognized that the "Evidence Code, which took effect on January 1, 2013, precludes courts from promulgating or perpetuating judge-made exclusionary rules of evidence[.]" *State v. Orr*, 305 Ga. 729, 729 (827 SE2d 892) (2019). It should likewise recognize the similar prohibition at OCGA § 5-6-48 (b) (limiting the grounds for dismissing an appeal) and the direction at OCGA § 5-6-30 (requiring a liberal construction of the Appellate Practice to decide the merits of appeals).

have a right to an immediate appeal from that order. And so the rule handed down in *Mitchell* does not apply to it. See *Sotter v. Stephens*, 291 Ga. 79, 84 (727 SE2d 484) (2012).

But although the *Mitchell* rule does not apply directly to the appeal from the order denying the motion to set aside, it does render that appeal moot. In light of our holding in Division 2, reversing that order would have no practical effect.

So we must dismiss Harmon's appellate challenge to that order as moot. A case is moot, among other reasons, "when it seeks to determine an issue which, if resolved, cannot have any practical effect on the underlying controversy. . . ." *Barrow v. Raffensperger*, 308 Ga. 660, 667 (2) (b) (842 SE2d 884) (2020) (citation and punctuation omitted). Even if we were to find, as Harmon alleges, that the trial court erred in denying her motion to vacate the summary judgment ruling, this resolution could not now have any practical effect on the case. Harmon's "first direct appeal [of the summary judgment ruling] was dismissed, and with the usual consequence that the ruling[ ] of the lower court, by operation of law, stood as if affirmed. The effect of that dismissal was binding upon the trial court." *Houston County*, 287 Ga. at 164 (citations and punctuation omitted).

So the trial court would be "without authority to modify that [summary] judgment [ruling,] which was res judicata between the parties." *Born v. Born*, 364 Ga. App. 511, 517 (1) (874 SE2d 846) (2022). For this reason, Harmon's appellate challenge to the order denying her motion to vacate the summary judgment ruling is moot, and we must dismiss it. See *Barrow*, 308 Ga. at 666 (2) (b) ("A claim that is moot must be dismissed, not adjudicated.").

*Appeal dismissed. Brown and Markle, JJ., concur.*